FILED

1   RONALD D. ARENA, Bar No. 218421
2   MICHAEL HOFFMAN, Bar No. 162496
    ARENA HOFFMAN LLP                          13 MAY 23 AM 11: 37
3   44 Montgomery Street, Suite 3520
    San Francisco, CA 94104                    CLERK U.S. DISTRICT COURT
4   Telephone: 415.433.1414                    CENTRAL DIST. OF CALIF.
    Facsimile: 415.520.0446                         LOS ANGELES
5   Email:   rarena@arenahoffman.com           BY:_____
             mhoffman@arenahoffman.com
6   Attorneys for Defendant REDFIN
    CORPORATION
7

8

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12   JOYTI GOUNDAR, an individual;        CV13-  3698 PSG (MRWx)
13   on behalf of herself, and on behalf of    Case No.
     all others similarly situated,
14
                    Plaintiff,             NOTICE OF REMOVAL
15
          v.
16
     REDFIN CORPORATION, a                      BY FAX
17   Delaware Corporation; and DOES 1-
     100, inclusive,
18
                    Defendant.
19

20   TO THE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD:

21          Defendant REDFIN CORPORATION ("Defendant," "Redfin," or the

22   "Company"), for the purpose of removing this action on the basis of diversity

23   jurisdiction and the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§1332,

24   1441 *et seq.*, 1446, to the United States District Court for the Central District of

25   California, serves notice and respectfully avers:

26

27

28

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104-4622
415.433.1414

NOTICE OF REMOVAL                          1.

## PLEADINGS AND PROCEEDINGS TO DATE

1.     On or about April 11, 2013, this action was filed in the Superior Court of California, County of Los Angeles, and assigned case no. BC 505623 by said court.  A Summons from Los Angeles County Superior Court was issued and on or about April 11, 2013.  True and correct copies of the Summons and Complaint are attached hereto as Exhibit A.

2.     Defendant was served with the Summons and Complaint by hand on April 23, 2013.

3.     The papers served on Defendant, on April 23, 2013, also included a Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, a Notice of Case Assignment—Class Action Cases, a pamphlet entitled "Voluntary Efficient Litigation Stipulations," a sample "Stipulation—Early Organizational Meeting," a sample "Stipulation—Discovery Resolution," a sample "Informal Discovery Conference," and a sample "Stipulation and Order—Motions in Limine."  True and correct copies of said documents are attached hereto as Exhibit B.

4.     On or about April 25, 2013, the Court issued a notice regarding complex case assignment, a copy of which is attached hereto as Exhibit C.

5.     Defendant is informed and believes that there has been no service of process upon Defendant Does 1 through 100, nor other parties, named or otherwise. The identification of "Doe" defendants does not defeat removal to this Court.  28 U.S.C. § 1441(a).  Accordingly, all existing and served Defendants consent and join in the removal of this action.

6.     Thirty days since service of the Summons and Complaint have not yet expired.  Accordingly, removal of this action is timely under 28 U.S.C. § 1446(b).

7.     Defendant is informed and believes that the aforementioned Exhibits A, B and C constitute all of the process, pleadings, and orders on file in the action.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104.4622
415.433.1414

**NOTICE OF REMOVAL**                    2.

## JURISDICTION

8.      This action is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, in that it appears from Plaintiff's Complaint that there is diversity of citizenship among the parties and Plaintiff seeks damages on behalf of the class in excess of the minimum statutory amount in controversy.

9.      Plaintiff is a resident and citizen of the State of California.  (Cplt. ¶¶ 2-5 [Exh. A]; Andron Decl. ¶ 2.)  Defendant is a Delaware corporation with its principal place of business and corporate headquarters in Seattle, Washington. (Andron Decl. ¶ 2.)   No Defendant is a citizen of California.   Thus, diversity of citizenship exists.

10.     In the Complaint, Plaintiff asserts causes of action under the California Labor Code, the California Business and Professions Code, and common law.  Plaintiff contends that Defendant (1) failed to provide meal periods to the putative class members; (2) failed to provide rest periods to the putative class members; (3) failed to pay overtime to the putative class members; (4) failed to pay minimum wages to the putative class members; (5) failed to pay compensation at the time of termination to the putative class members; (6) failed to provide accurate wage statements to the putative class members; (7) failed to pay wages twice each month to the putative class members; (8) failed to indemnify and reimburse the putative class members for expenses; (9) failed to pay vacation compensation at the time of termination; (10) converted the property of the putative class members; and (11) engaged in unlawful business practices. (Cplt. ¶¶ 14-144.)

11.     Plaintiff seeks to recover on behalf of the putative class:  general damages, including lost wages, commissions, bonuses, and other losses; one hour of wages for each missed meal period; one hour of wages for each day in which a rest period was not provided; waiting time penalties of 30 days' wages at the regular rate of pay for each separated employee; penalties for failure to provide accurate wage

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104-4622
415.493.1414

NOTICE OF REMOVAL                              3.

1   statements; penalties for failure to provide timely compensation; unspecified

2   restitution; and attorney's fees and costs. (Cplt. ¶¶ 14-144, Prayer for Relief [Exh.

3   A].) Plaintiff does not state in her Complaint whether the class seeks damages of

4   $5,000,000 or less.

5          12.    Under CAFA, the District Courts of the United States have original

6   and removal jurisdiction over any class action where the amount in controversy

7   exceeds $5,000,000 and diversity of citizenship exists between the defendant and any

8   of the class members. 28 U.S.C. §§ 1332(d), 1441(b), and 1446. Where it is not clear

9   from the Complaint whether more than $5,000,000 is in controversy, the removing

10  party may establish by a preponderance of evidence that the amount in controversy

11  meets the jurisdictional minimum. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696,

12  699 (9th Cir. 2007). The jurisdictional minimum may be satisfied by claims for all

13  damages and attorney's fees in amounts reasonably anticipated at the time of removal.

14         13.    Plaintiff seeks to represent all "Agents," "Senior Agents," and/or

15  "Team Leads" in California during the applicable statute of limitations. (Cplt. p. 1

16  [Exh. A].) The class period as defined in the Complaint is from April 11, 2009 to the

17  present. (Cplt. ¶ 6 [Exh. A].)

18         14.    There were approximately 161 putative class members employed

19  in California between April 11, 2009 and the present. (Andron Decl. ¶ 4.)

20  Approximately 57 putative class members separated from employment during this

21  time period. (Andron Decl. ¶ 4.) The average length of employment for said putative

22  class members was 69.16 weeks, or 15.97 months. (Andron Decl. ¶ 4.) The average

23  hourly wage for said putative class members was $33.79 per hour during the same

24  time period. (Andron Decl. ¶ 4; Roske Decl. ¶ 3.)[1]

25  _____

26  [1]    Nothing in any of the attached declarations or in this Notice of Removal is
    intended to suggest or imply typicality or commonality among any of the class
27  members. Nothing in this Notice of Removal is intended to waive or impair any
    defenses or arguments Defendant has with regard to action, including any arguments
28  or defenses attacking the recoverability of any of the amounts or penalties claimed to
    be due.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104-4602
415 433-1414

NOTICE OF REMOVAL                                   4.

15.     The putative class members are considered by Redfin to be exempt outside salespersons.  (Andron Decl. ¶ 4.)  Therefore, their hourly rate is calculated based on a 40 hours per week schedule.  *See* Labor Code § 515(d).  The average hourly rate was calculated by dividing $70,291.50 (the average estimated annual income per putative class member) by 2080 (the annual number of hours worked based on a 40-hour-per week schedule)=$33.79.  (Andron Decl. ¶ 4; Roske Decl. ¶ 3.)

16.     Plaintiff demands one hour of wages for each missed meal period on each day that each putative class member worked.  (Cplt. p. 25 [Exh. A].)  Plaintiff alleges that Redfin had a policy of not providing meal periods.  (Cplt. ¶¶ 35-37 [Exh. A].)  Redfin denies the allegations.  As a result, the amount in controversy for the alleged missed meal periods is $33.79 per hour X 5 workdays per week X 69.16 weeks of employment X 161 individuals = $1,881,217.70.

17.     Plaintiff demands one hour of wages for each missed rest break on each day that each putative class member worked.  (Cplt. p. 26 [Exh. A].)  Plaintiff alleges that Redfin had a policy of not providing rest periods.  (Cplt. ¶¶ 43-45 [Exh. A].)  Redfin denies the allegations.  As a result, the amount in controversy for the alleged missed rest periods is $33.79 per hour X 5 workdays per week X 69.16 weeks of employment X 161 individuals = $1,881,217.70.

18.     Plaintiff demands 30 days of wages for each separated putative class member.  (Cplt. p. 27 [Exh. A].)  Redfin denies the allegations.  During the class period, 57 putative class members have separated from employment with Redfin.  As a result, the amount in controversy for the alleged waiting time penalties is $33.79 per hour X 8 hours per day X 30 days X 57 former employees = $462,247.20.

19.     Plaintiff seeks penalties for failure to provide accurate wage statements pursuant to Labor Code section 226, *et seq.*  (Cplt. ¶¶ 52-53; 107-113 [Exh. A].)  Redfin denies these allegations.  The alleged penalty is $50 for the first alleged violation, and $100 for each subsequent alleged violation.  Lab. Code § 226(e).  Redfin paid the putative class members twice per month.  (Andron Decl. ¶ 5.)  As a

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104-4822
415.433.1414

1    result, the amount in controversy for the alleged failure to provide accurate wage

2    statements is 15.97 months (the average length of employment per putative class

3    member) X 2 payments per month X $100 penalty X 161 putative class members (less

4    $8,050 representing the $50 discount for the first alleged violation per class member)

5    = $506,184.00.

6          20.    Plaintiff seeks penalties pursuant to Labor Code section 204 for

7    alleged failure to pay class members twice per month in a timely manner.  (Cptl. ¶¶

8    54, 55.)  Defendant denies these allegations.  The penalties under section 204 are $100

9    for the first alleged violation and $200 for each subsequent violation.  Lab. Code §§

10   204, 210.  As a result, the amount in controversy for the alleged failure to make timely

11   wage payments pursuant to Labor Code section 204 is 15.97 months (the average

12   length of employment per putative class member) X 2 payments per month X $200

13   penalty X 161 putative class members (less $16,100 representing the $100 discount

14   for the first alleged violation per class member) = $1,012,368.00.

15         21.    Plaintiff claims that Defendant's alleged failure to comply with the

16   Labor Code was intentional.  (Cplt. ¶ 142 [Exh. A].)  Labor Code section 204 and 210

17   provide for an additional 25% penalty on the amount allegedly unlawfully withheld.

18   As a result, there is an additional amount in controversy for the alleged failure to make

19   timely wage payments.   That amount is $2,928.81 (the semi-monthly average

20   estimated compensation per putative class member) X 25% penalty X 15.97 average

21   length of employment X 2 pay periods per month X 161 putative class

22   members=$3,765,234.20.[2]

23         22.    Plaintiff demands attorney's fees for recovery of the

24   aforementioned wages and penalties.  The Court may estimate, for purposes of

---

25   [2]    Even if Plaintiff did not allege that the violation was intentional, the 25%
26   penalty would still apply to all but the first alleged violation per class member.  *See*
     Lab. Code § 210.  In that case, the penalty would be reduced by $2,928.81 (the semi-
     monthly average estimated compensation per putative class member) X 25% penalty
27   X 161 estimated putative class members=$117,884.60.   The total penalty would
     therefore be $3,692,145.75 and the aggregate amount in controversy would still be
28   well in excess of the CAFA jurisdictional minimum.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104.4622
415.433.1414

NOTICE OF REMOVAL                              6.

assessing the amount in controversy, that Plaintiff will pursue attorneys' fees totaling 25% of the wages and penalties recovered by the class. *Fischel v. Equitable Life Ins. Co.*, 307 F.3d 997, 1006 (9th Cir. 2002). As a result, an additional $2,377,117.20 comprises the amount in controversy attributable to claimed attorney's fees.

23. Based on the foregoing, the amount in controversy presented by the claims for meal period violations, rest break violations, waiting time penalties, failure to provide accurate wage statements, and failure to make timely wage payments totals $11,885,586.00.

24. The aggregate amount exceeds the $5,000,000 statutory minimum under CAFA for removal on diversity of citizenship grounds, and removal is therefore proper.[3]

## VENUE

25. This is a civil suit brought in a California state court. Plaintiff alleges that she was employed in Los Angeles County, and that her alleged damages occurred in said county. Based on the allegations in Plaintiff's Complaint, Defendant is informed and believes that the events giving rise to this action occurred within this judicial district. This Court is the appropriate venue for actions removed from the Superior Court of California, Los Angeles County.

## RELATED CASE

26. Pending before the United States District Court for the Central District of California is an action captioned, *Srbui Badivian, et al. v. Redfin Corporation*, Case No. 13-CV-03664-PSG (MRWx) ("*Badivian*"). The instant action and *Badivian* are asserted by the same attorneys and allege identical, parallel, and/or

---

[3]   Plaintiff also asserts claims for failure to pay overtime, failure to pay minimum wages, failure to reimburse expenses, conversion, and unfair business practices. The Complaint on its face does not appear to contain sufficient information to calculate the amount in controversy on such claims, except that with regard to Plaintiff's claim for unpaid overtime, she alleges that she worked more than 40 hours of overtime per week on a regular basis. (Cplt. ¶ 19 [Exh. A].) Plaintiff alleges that her overtime claim is typical of the class. (Cplt. ¶ 23 [Exh. A].)

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104 4822
415 433 1414

NOTICE OF REMOVAL                                        7.

1   overlapping claims.  Defendant seeks joinder, consolidation and/or coordination of the

2   actions pursuant to Federal Rule of Civil Procedure 42(a).

3          27.    Defendant is giving written notice of the filing of this Notice of

4   Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy

5   with the Clerk of Court of the Superior Court of California, Los Angeles County, or as

6   further required by statute.

7          WHEREFORE, Defendant prays that the above-referenced action now

8   pending in Los Angeles County Superior Court, Case No. BC505623, be removed

9   from that court to this United States District Court, Central District of California, and

10  be joined, consolidated, and/or coordinated with the *Badivian* case as soon as

11  reasonably practical.

12  Dated:  May 23, 2013

13

14  RONALD D. ARENA
    ARENA HOFFMAN LLP

15  Attorneys for Defendant
    REDFIN CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104 4622
415.433 1414

NOTICE OF REMOVAL        8.

# EXHIBIT A

4-23-13

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

REDFIN CORPORATION, a Delaware Corporation; and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOYTI GOUNDAR, an individual; on behalf of herself, and on behalf of all others similarly situated;

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 11 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):*<br><br>Stanley Mosk Courthouse, Central District; 111 North Hill Street, Los Angeles, California 90012 | CASE NUMBER: *(Número de Caso):*<br><br>B C 5 0 5 6 2 3 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Rhett T. Francisco; 5350 Topanga Cyn. Blvd., Woodland Hills, CA 91364; 818-319-9879

DATE: *(Fecha)*        John A. Clarke        Clerk, by        Amber Hayes        , Deputy
                        *(Secretario)*                                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

APR 11 2013

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Redfin Corporation, a Delaware Corporation**

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009).

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 11 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

1   RHETT T. FRANCISCO (SBN 232749)
    TREVOR R. HINDIN (SBN 258653)
2   THE LAW OFFICES OF RHETT T. FRANCISCO
    5350 TOPANGA CANYON BOULEVARD
3   WOODLAND HILLS, CALIFORNIA 91364
    TEL: (818) 319-9879
4
    ANDREW J. SOKOLOWSKI (SBN 226685)
5   THE LAW OFFICE OF ANDREW J. SOKOLOWSKI
    21250 HAWTHORNE BOULEVARD, SUITE 500
6   TORRANCE, CALIFORNIA 90503
    TEL.: (310) 210-5610
7   FAX: (866) 489-0330

8   PAWEL R. SASIK (SBN 240672)
    THE LAW OFFICES OF PAWEL R. SASIK
9   5350 TOPANGA CANYON BOULEVARD
    WOODLAND HILLS, CALIFORNIA 91364
10  TEL: (310) 571-5206

11  ATTORNEYS FOR PLAINTIFF
    JOYTI GOUNDAR

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13          FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

14

15  JOYTI GOUNDAR, an individual; on behalf   )   CASE NO.:
16  of herself, and on behalf of all others similarly )   B C 5 0 5 6 2 3
    situated;                                 )   Unlimited Civil Case over $25,000
17                                            )
              PLAINTIFF,                      )   COMPLAINT
18                                            )
         v.                                   )   [CLASS ACTION]
19                                            )
    REDFIN CORPORATION, a Delaware            )   1.  FAILURE TO PROVIDE MEAL
20  Corporation, and DOES 1-100, inclusive    )       PERIODS [CAL. LAB. CODE §§ 226.7,
21                                            )       512 AND 558];
              DEFENDANT.                      )   2.  FAILURE TO PROVIDE REST
22                                            )       PERIODS [CAL. LAB. CODE §§ 226.7
                                              )       AND 558];
23                                            )   3.  FAILURE TO PAY OVERTIME
                                              )       COMPENSATION [CAL. LAB. CODE
24                                            )       §§ 510, 1194 AND 1198];
                                              )   4.  FAILURE TO PAY MINIMUM WAGES
25                                            )       [CAL. LAB. CODE § 558, 1182.12, 1194,
                                              )       1194.2, 1197, 1198]
26                                            )   5.  FAILURE TO PAY COMPENSATION
                                              )       AT TIME OF TERMINATION [CAL.
27                                            )       LAB. CODE §§ 201, 202, 203, 208];
                                              )   6.  FAILURE TO PROVIDE ACCURATE
28                                            )       WAGE STATEMENTS [CAL. LAB.
                                              )       CODE § 226 et. seq.];

1
COMPLAINT

7. FAILURE TO PAY ALL WAGES TWICE EACH MONTH; [CAL. LAB. CODE § 204]
8. FAILURE TO INDEMNIFY AND REIMBURSE FOR EXPENDITURES OR LOSSES IN DISCHARGE OF DUTIES; [CAL. LAB. CODE § 2802];
9. FAILURE TO PAY VACATION COMPENSATION AT TIME OF TERMINATION [CAL. LAB. CODE § 227.3];
10. CONVERSION [CAL. CIVIL CODE §§ 3336, 3294];
11. UNLAWFUL BUSINESS PRACTICES [BUS. & PROF. CODE §17200 et. seq.]

JURY TRIAL DEMANDED

UNLIMITED JURISDICTION

Plaintiff JOYTI GOUNDAR ("GOUNDAR" or "PLAINTIFF") brings this action as a class action on behalf of herself and all California residents who are current and former employees of REDFIN CORPORATION ("REDFIN" or "DEFENDANT") who worked or are working as, "Agents", "Senior Agents", and/or "Team Leads", for REDFIN in California (the "Class").

## JURISDICTION AND VENUE

1. PLAINTIFF brings this action on behalf of herself and the Class, seeking to recover unpaid compensation and penalties for DEFENDANT's failure to: provide meal breaks, provide rest breaks, pay overtime compensation, pay all compensation due and owing, pay compensation at time of termination, reimburse for expenses incurred on behalf of REDFIN, provide accurate wage statements, and pay all wages twice each month pursuant to California Labor Code sections 201-204, 207-208, 210, 226, 226.7, 227.3, 510, 512, 551-552, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197-1198, 2802, 2699.5 and Title 8 of the California Code of Regulations section 11040(3) (Hours and Days of Week) 11040(4) (Minimum Wages), 11040(7) (Records), 11040(11) (Meal Periods), and 11040(12) (Rest Periods).  PLAINTIFF also seeks pre-judgment interest and reasonable attorneys' fees and costs.

2.     PLAINTIFF, for herself and the Class, also brings class claims for conversion pursuant to California Civil Code sections 3336 and 3294, and seeks full restitution of all compensation and benefits pursuant to California Business and Professions Code section 17200, *et seq.* for DEFENDANT's unlawful and unfair business practices.

3.     PLAINTIFF is an individual whom, during the time periods relevant to this Complaint, was employed by DEFENDANT in Los Angeles, California.

4.     Pursuant to Article VI, section 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California, County of Los Angeles, State of California.

5.     Venue as to DEFENDANT is proper in this judicial district pursuant to California Code of Civil Procedure sections 395(a) and § 395.5 because (a) DEFENDANT employs numerous Class members in California, (b) PLAINTIFFS' injuries occurred in the County of Los Angeles and (c) because the DEFENDANT operated and operates in the County of Los Angeles, California.

## NATURE OF THE ACTION

6.     The acts alleged in this Complaint occurred, at least in part, within the last (4) years preceding the filing of this complaint (the "Class Period").

7.     REDFIN employs workers under different job titles including "Agents", "Senior Agents", and/or "Team Leads". REDFIN improperly classifies its Agents, Senior Agents and Team Leads as "exempt" employees and does not make them eligible for overtime pay, meal periods, or rest periods. Agents, Senior Agents and Team Leads are subject to identical or nearly identical policies and procedures related to employee compensation.

8.     During the Class Period, PLAINTIFF worked as a Team Lead for REDFIN in California. At all times PLAINTIFF and the other Class members were employed by REDFIN they:

    a.  Were misclassified as "exempt" employees not eligible for overtime;

    b.  Were not paid minimum wages for all time worked;

    c.  Were not paid overtime compensation despite working more than 8 hours per day and/or 40 hours per week;

    d.  Were not provided meal periods;

    e.  Were not provided rest periods;

f.  Were not paid all compensation owed to them at the time of termination;

g.  Were not reimbursed for expenditures incurred on behalf of DEFENDANT;

h.  Were not provided accurate wage statements;

i.  Were not paid all wages twice each month;

j.  Were not paid all vacation time pay at time of termination.

## DEFENDANT

9.    REDFIN operates an online real estate brokerage, doing business in California and various other states in the United States.

10.    At all times during the Class Period, REDFIN:

a.  Was a company organized and existing under the laws of Delaware, and was, and is, registered to do business in California;

b.  Was the current and/or former employer of PLAINTIFF and the Class members;

c.  Misclassified PLAINTIFF and the Class members as exempt employees;

d.  Failed to provide meal periods;

e.  Failed to provide rest periods;

f.  Failed to pay overtime;

g.  Failed to pay all compensation owed to employees at the time of termination;

h.  Failed to reimburse for expenses incurred on behalf of DEFENDANT;

i.  Failed to provide accurate wage statements;

j.  Failed to pay all wages twice each month; and

k.  Failed to pay all vacation time pay at time of termination.

11.    The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of Defendant Does 1 through 100, inclusive, are unknown to PLAINTIFF who therefore sues these defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 100, inclusive, when they are ascertained.

///

///

1  12.    PLAINTIFF is informed and believes, and based upon that information and belief alleges

2  that the Defendants named in this Complaint, including Does 1 through 100, inclusive, are

3  responsible in some manner for one or more of the events and happenings that proximately caused

4  the injuries and damages hereinafter alleged.

5  13.    PLAINTIFF is informed and believes, and based upon that information and belief

6  alleges, that the defendants named in this Complaint, including Does 1 through 100, inclusive,

7  are, and at all times mentioned herein were, agents, servants, and/or employees of each of the

8  other defendants and that each defendant was acting within the course of scope of his, hers or its

9  authority as the agent, servant and/or employee of each of the other defendants.  Consequently,

10  all the defendants are jointly and severally liable to PLAINTIFF and the other members of the

11  CLASS, for the damages sustained as a proximate result of their conduct.

12  **DEFENDANT'S CONDUCT**

13  14.    On or about July 9, 2007, GOUNDAR entered into an employment agreement with

14  REDFIN to work for REDFIN as an employee with the job title of Team Lead in Los Angeles,

15  California.  DEFENDANT hired GOUNDAR and she worked for DEFENDANT per the

16  employment agreement.

17  15.    At REDFIN's direction, GOUNDAR, and other Class members, worked from their home

18  offices.

19  16.    GOUNDAR's responsibilities at REDFIN included preparing and reviewing various

20  documents associated with real estate transactions.

21  17.    Even though GOUNDAR's responsibilities and job duties were such that she should have

22  been classified as a non-exempt employee, REDFIN instead improperly classified her as exempt

23  and paid her a salary and a non-discretionary bonus based on customer ratings.  REDFIN should

24  have classified GOUNDAR and other Class members as non-exempt employees and paid them

25  hourly wages and overtime pay.

26  18.    REDFIN also should have provided GOUNDAR and other Class members with meal and

27  rest periods consistent with California law.

28  ///

19.   GOUNDAR regularly started her work-day around 6:30 a.m. and would work well into the night, often ending her work-day at 11:00 p.m. GOUNDAR's job duties and responsibilities were substantially similar, if not identical, to other Class members who, on information and belief, worked similar hours for REDFIN.

20.   GOUNDAR was also entitled to receive additional compensation, including but not limited to, company benefits. Other Class members entered into similar contracts with DEFENDANT. During the agreement, GOUNDAR satisfied her duties pursuant to the employment agreement.

21.   GOUNDAR spent more than 50% of her working hours performing non-exempt, non-managerial activities. GOUNDAR did not: (1) primarily engage in managing DEFENDANT's overall business or a recognized department or subdivision; (2) customarily and regularly direct the work of at least two other full-time employees or the equivalent; (3) have the authority to hire and fire other employees; (4) customarily and regularly exercise discretion and independent judgment in the performance of employee's duties; or (5) spend less than 50% of their work time engaged in non-managerial work.

22.   GOUNDAR's employment with REDFIN ended on or about March 31, 2013.

23.   On information and belief, other Class members entered into similar contracts with DEFENDANT that involved similar or identical terms and job duties as GOUNDAR, such that DEFENDANT also should have classified the Class members as "non-exempt" employees.

**Defendant Failed to Pay Overtime**

24.   During PLAINTIFF's employment with DEFENDANT, PLAINTIFF was misclassified as an exempt employee and did not receive appropriate overtime pay.

25.   PLAINTIFF routinely performed work for DEFENDANT in excess of 8 hours per day and/or 40 hours per week, but DEFENDANT failed to pay her overtime compensation for those hours as a result of its policy of misclassifying Agents, Senior Agents and Team Leads.

26.   During PLAINTIFF's employment with DEFENDANT, DEFENDANT often required PLAINTIFF to work for more than 8 hours per day and/or 40 hours per week. PLAINTIFF routinely worked more than 8 hours per day and/or 40 hours per week in order to complete the excessive amount of work that DEFENDANT required, much of which was time-sensitive.

27.    DEFENDANT imposed uniform job duties on all Agents, Senior Agents and Team Leads, such that the experiences, job duties, and work schedules of all Class members were the same, or substantially similar, in that: (a) they spent more than 50% of their time performing non-exempt, non-managerial duties, and (b) their work hours exceeded 8 hours of work per day and/or 40 hours of work per week.

28.    DEFENDANT was aware that PLAINTIFF and the other Class members worked hours exceeding 8 per day and/or 40 per week, but failed to compensate them with overtime pay as a result of its blanket misclassification of all Class members.

29.    DEFENDANT's practices violate California Labor Code sections 1194 and 1198, Industrial Welfare Commission Wage Order No. 4-2001 (8 Cal. Code Regs. § 11040) and California Labor Code section 510.

30.    PLAINTIFF and other Class members are entitled to accrued but unpaid overtime, interest and penalties because they performed services for DEFENDANT in excess of 8 hours per day and/or 40 hours per week.

**Defendant Failed to Pay Minimum Wages**

31.    DEFENDANT failed to pay PLAINTIFF for all time that PLAINTIFF was suffered or permitted to work for DEFENDANT.

32.    As a result of DEFENDANT's misclassification of PLAINTIFF and the Class members, PLAINTIFF and the Class members performed work for DEFENDANT and did not receive appropriate compensation.  That work included, but was not limited to, preparing and reviewing real estate transaction related documents and other non-exempt duties required by DEFENDANT.

33.    DEFENDANT violated California Labor Code section 1194 by paying PLAINTIFF and other Class members less than the minimum wage for hours worked.

34.    As such PLAINTIFF and the Class members are entitled to accrued but unpaid minimum wages, interest and penalties.

**Defendant Systematically Failed to Provide Meal Periods**

35.    Agents, Senior Agents, and Team Leads are similarly situated in that they share similar job duties and descriptions, spend more than 50% of their time performing non-exempt job duties, and

1    are all subject to DEFENDANT's policy and practice that misclassified them as exempt

2    employees and denies them meal periods and also fails to pay wage premiums for those meal

3    periods.

4    36.    During PLAINTIFF's employment with DEFENDANT, PLAINTIFF was not provided

5    with uninterrupted, 30-minute meal periods before the end of the fifth hour of work.

6    37.    DEFENDANT by and through their officers, directors and managing agents, intentionally

7    and systematically promulgated and enforced a policy of misclassifying PLAINTIFF and the Class

8    members as exempt employees and failing to provide, authorize or permit them to take legally

9    compliant meal periods.

10   38.    DEFENDANT's conduct violated California Labor Code sections 226.7 and 512, and Title

11   8, California Code of Regulation section 11040(11).

12   39.    Throughout the Class Period, DEFENDANT required PLAINTIFF to forego her meal

13   periods, due to the excessive and time sensitive amount of work that DEFENDANT required

14   PLAINTIFF to perform for DEFENDANT.

15   40.    DEFENDANT's policy of misclassifying PLAINTIFF and the other Class members and

16   requiring that they perform excessive amounts of time-sensitive work resulted in an atmosphere in

17   which meal periods were not authorized, and were actively discouraged.

18   41.    As a result of its blanket policy of misclassifying PLAINTIFF and the Class members as

19   exempt employees, DEFENDANT also failed to pay them an additional hour of pay for each

20   workday that DEFENDANT failed to provide a meal period.

21   42.    DEFENDANT's failure to provide meal periods, and/or to pay PLAINTIFF, and other

22   members of the Class, the statutory premium for missed meal periods, systematically violated the

23   mandatory requirements of sections 226.7, 512, 558, and 1198 of the California Labor Code and

24   Industrial Welfare Commission Wage Order No. 4-2001, Title 8 California Code of Regulations

25   section 11040.  As a result, PLAINTIFF, and other members of the Class, was routinely denied

26   proper compensation for missed meal periods.

27   ///

28   ///

**Defendant Systematically Failed to Provide Rest Periods**

43.     Similarly, Agents, Senior Agents, and Team Leads are similarly situated in that they share similar job duties and descriptions, spend more than 50% of their time performing non-exempt job duties, and are all subject to DEFENDANT's policy and practice that misclassified them as exempt employees and denies them rest periods and also fails to pay wage premiums for those rest periods.

44.     DEFENDANT, by and through their officers, directors and managing agents, intentionally and systematically promulgated and enforced a policy of misclassifying PLAINTIFF and the Class members as exempt employees and failing to provide, authorize or permit them to take legally compliant rest periods.

45.     Throughout the Class Period, DEFENDANT required PLAINTIFF to forego her rest periods, due to the excessive and time sensitive amount of work that DEFENDANT required PLAINTIFF to perform for DEFENDANT.

46.     DEFENDANT's policy of misclassifying PLAINTIFF and the other Class members and requiring that they perform excessive amounts of time-sensitive work resulted in an atmosphere in which rest periods were not authorized, and were actively discouraged

47.     As a result of its blanket policy of misclassifying PLAINTIFF and the Class members as exempt employees, DEFENDANT also failed to pay them an additional hour of pay for each workday that DEFENDANT failed to provide a rest period.

48.     DEFENDANT's failure to pay PLAINTIFF, and other Class members, for working through rest periods systematically violated the mandatory requirements of sections 226.7, 512, 558 and 1198 of the California Labor Code and Industrial Welfare Commission Wage Order No. 4-2001, Title 8 section 11040 of the California Code of Regulations.

**Defendant Failed to Timely Pay Wages Upon Termination**

49.     As a result of DEFENDANT's failure to pay PLAINTIFF, and other Class members, among other things, proper minimum wages, proper overtime pay, wage premiums for missed meal periods, and wage premiums for missed rest periods, DEFENDANT willfully failed to pay wages promptly upon their termination or resignation.

50.    California Labor Code sections 201 and 202 provided that employees must receive wages earned and unpaid promptly upon termination or resignation.

51.    Because PLAINTIFF, and other Class members, who were separated from their employment did not receive full compensation for all work performed, proper overtime pay, wage premiums for missed meal periods, wage premiums for missed rest periods, compensation for off-the-clock work, bonus pay and proper overtime pay, she was not paid all her wages at the time of discharge.  Because DEFENDANT, through its policy of misclassifying PLAINTIFF and Class members as exempt employees, willfully failed to pay wages earned on account of PLAINTIFF's work, PLAINTIFF, and other Class members, are entitled to the statutory maximum of thirty days of continuing wages under Labor Code section 203.

**Defendant Failed to Provide Accurate Wage Statements**

52.    .As a result of DEFENDANT's failure to pay proper minimum wages, proper overtime pay, wage premiums for missed meal periods, and wage premiums for missed rest periods, those amounts failed to appear on PLAINTIFF's wage statements.  As a result, DEFENDANT therefore failed to provide accurate wage statements to PLAINTIFF, and other Class members, that properly, identified all gross wages earned, net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

53.    During the Class period, DEFENDANT, through its policy of misclassifying PLAINTIFF and the Class members as exempt employees, systematically deprived PLAINTIFF and the Class members of wage statements that complied with the requirements of California Labor Code section 226.

**Defendant Failed to Pay Wages Twice Monthly**

54.    At all relevant times, California Labor Code section 204, in relevant part provided:

   a.  *All* wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.  Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month

1  during which the labor was performed, and labor performed between the 16th and
   the last day, inclusive, of any calendar month, shall be paid for between the 1st and
2  10th day of the following month.

3  Cal. Lab. Code § 204 (emphasis added).

4  55.    During the Class period, as a result of DEFENDANT's policy of misclassifying

5  PLAINTIFF and the Class members as exempt employees, PLAINTIFF and all other Class

6  members were not paid *all* compensation due and owing twice during each calendar month, on

7  days designated in advance by the employer as the regular paydays. DEFENDANT did not pay

8  PLAINTIFF, and other members of the Class, all compensation due and owing, for labor

9  performed between the 1st and 15th days, inclusive, of any calendar month between the 16th and

10 the 26th day of the month during which the labor was performed, nor did DEFENDANT pay for

11 all compensation due and owing for labor performed between the 16th and the last day, inclusive,

12 of any calendar month, between the 1st and 10th day of the following month.

13 **Defendant Failed to Reimburse Plaintiff and Class Members for Business Expenses**

14 56.    In addition, DEFENDANT required PLAINTIFF, and other Class members, to use their

15 own cars, cell phones and internet providers, for business use on DEFENDANT's behalf.

16 57.    DEFENDANT also required PLAINTIFF to use part of her residence as dedicated office

17 space for REDFIN, without providing PLAINTIFF with appropriate compensation for the use of

18 that space or associated utilities, such as her Internet connection. PLAINTIFF, and other Class

19 members, incurred costs and expenses associated with the use of their cars, cell phones, internet

20 providers, and homes and DEFENDANT did not reimburse them for the incurred costs and

21 expenses.

22 58.    PLAINTIFF and other Class members incurred these expenses as a necessary and direct

23 consequence of discharging their duties as REDFIN employees.

24 **Defendant Failed to Properly Pay Accrued Vacation Time as Wages Upon Termination**

25 59.    At all relevant times, California Labor Code Section 227.3, in relevant part provided:

26     Unless otherwise provided by a collective-bargaining agreement, whenever a contract
       of employment or employer policy provides for paid vacations, and an employee is
27     terminated without having taken off his vested vacation time, all vested vacation shall
       be paid to him as wages at his final rate in accordance with such contract of
28     employment or employer policy respecting eligibility or time served;...

---

11
COMPLAINT

1   Cal. Lab. Code § 227.3

2   60.     PLAINTIFF, and other members of the Class, earned vacation time while employed by

3   DEFENDANT, and did not receive payment, as wages, for all vacation time earned at the time of

4   termination.

5                                   **CLASS DEFINITION**

6   61.     PLAINTIFF brings this action on behalf of herself, and on behalf of all others similarly

7   situated , as a class action pursuant to California Code of Civil Procedure § 382.  The Class is

8   defined as:

9               All current and former employees of DEFENDANT who performed work

10              for DEFENDANT in California as an "Agent", "Senior Agent", and/or

11              "Team Lead", at any time during the period from four years before the

12              filing of the Complaint through the date of class certification.

13  62.     Plaintiff reserves the right to certify subclasses if appropriate.

14                                  **CLASS ALLEGATIONS**

15  63.     PLAINTIFF alleges that at all relevant times she:

16          i.    Was an individual residing in the State of California;

17          ii.   Was employed by DEFENDANT in California with the job title of Team

18                Lead;

19          iii.  Was misclassified as an exempt employee;

20          iv.   Was not provided meal periods as required by California law;

21          v.    Was not provided rest periods as required by California law;

22          vi.   Did not receive overtime pay as required by California law;

23          vii.  Did not receive minimum wages for hours worked as required by California

24                law;

25          viii. Did not receive all pay at the time of termination as required by California

26                Law;

27          ix.   Did not receive accurate wage statements as required by California law;

28

x. Did not receive all wages paid twice a month;

xi. Did not receive reimbursement and or indemnification for expenditures or losses in discharge of duties.

xii. Was not provided with all vacation pay.

64. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in California Code of Civil Procedure section 382, as follows:

a. <u>Numerosity:</u> The number of class members is great, believed to be in excess of 50 current and former employees located throughout California. It therefore is impractical to join each class member as a named plaintiff. Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

b. <u>Ascertainability:</u> Despite the size of the proposed classes, the class members are readily ascertainable through an examination of the records that DEFENDANT is required by law to keep.

c. <u>Common Questions Predominate:</u> Common questions of fact and of law predominate in the class member's claims over individual issues regarding the money owed to each class member. The questions include but are not limited to:

i. Whether DEFENDANT's policies and practices described in this Complaint were and are illegal;

ii. Whether DEFENDANT misclassified PLAINTIFF and other Class members as exempt employees;

iii. Whether PLAINTIFF and other Class members were primarily engaged in performing non-exempt job duties;

iv. Whether DEFENDANT failed to provide PLAINTIFF, and other Class members, with meal periods;

v. Whether DEFENDANT failed to provide PLAINTIFF, and other Class members, with rest periods;

vi. Whether DEFENDANT failed to compensate PLAINTIFF, and other Class

members, with overtime pay for all overtime worked;

vii.   Whether DEFENDANT failed to compensate PLAINTIFF, and other Class members, with minimum wage pay for all hours worked;

viii.  Whether DEFENDANT failed to compensate PLAINTIFF, and other Class members, with all pay owed at the time of termination;

ix.    Whether DEFENDANT failed to provide PLAINTIFF, and other Class members, with accurate wage statements;

x.     Whether DEFENDANT failed to pay all wages owed to PLAINTIFF, and other Class members, twice a month;

xi.    Whether DEFENDANT failed to reimburse PLAINTIFF, and other Class members of the Class, for necessary losses and expenditures incurred in discharging their duties;

xii.   Whether DEFENDANT failed to pay PLAINTIFF, and other Class members, all vacation compensation;

xiii.  Whether DEFENDANT's conduct constituted unlawful, unfair, and/ or fraudulent business practices;

xiv.   Whether DEFENDANT's conduct constitutes unfair competition;

xv.    Whether DEFENDANT's employees are entitled to restitution of unpaid wages; and

xvi.   Whether DEFENDANT's conduct was intentional.

d.   **Community of Interest:** There is a well-defined community of interest in the questions of law and fact common to the class members.

e.   **Typicality:** PLAINTIFF's claims are typical of the claims of the class members, which claims arise from the same general operative facts, namely, they were all subject to DEFENDANT's policies and practices of, among other things, (a) misclassifying all Agents, Senior Agents and Team Leads as exempt employees which, in turn, resulted in failure to pay minimum wages, overtime, meal and rest period premiums, to provide accurate wage statements, all pay twice per month,

and termination pay, (b) failing to reimburse all Agents, Senior Agents and Team Leads for losses and expenditures necessarily incurred in the course of discharging their duties as REDFIN employees, and (c) failing to properly pay accrued vacation time at termination.

f. <u>Superiority:</u> A class action is a superior method for the fair and efficient adjudication of this controversy. The persons within the class are so numerous that joinder of all of them is impracticable. The disposition of all claims of the members of the class in a class action, rather than in individual actions, benefits the parties and the Court. The interest of the class members in controlling the prosecution of separate claims against DEFENDANT is small when compared with the efficiency of a class action.

g. <u>Adequacy:</u> PLAINTIFF in this class action are adequate representatives of the class, in that the PLAINTIFF's claims are typical of those of the class and the PLAINTIFF has the same interest in the litigation of this case as the class members, and has no conflicts of interests that are antagonistic to the class. PLAINTIFF is committed to vigorous prosecution of this case, and has retained competent counsel, experienced in litigation of this nature. The representative PLAINTIFF is not subject to any individual defenses unique from those conceivably applicable to the class as a whole. PLAINTIFF has also engaged counsel who possess the requisite skill and experience to adequately represent them and the Class.

h. <u>Manageability:</u> Although the number of class members is great, believed to be in excess of 50 current and former employees, the matter is manageable as a class action, liability is susceptible to common proof, and the data required to establish liability and prove damages is readily available.

65. Without Class certification and determination of the common factual and legal questions within the class format, prosecution of separate actions by individual members of the Class will create the risk of:

///

a. Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class; or,

b. Adjudication with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

## FIRST CAUSE OF ACTION

## <u>FAILURE TO PROVIDE MEAL PERIODS</u>

### [Cal. Lab. Code §226.7 and 512]

66.     PLAINTIFF incorporates the foregoing paragraphs by reference as if set forth herein.

67.     Cal. Lab. Code §§226.7 and 512 provide that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than 30 minutes.

68.     Cal. Lab. Code §226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each five (5) hours of work that the meal period is not provided.

69.     As a result of its blanket policy of misclassifying PLAINTIFF and the Class members as exempt employees, DEFENDANT has intentionally and improperly denied meal periods to PLAINTIFF, and other Class members, in violation of Cal. Lab. Code §§226.7 and 512.

70.     At all relevant times, PLAINTIFF, and other Class members, worked more than five hours in a workday.  At all relevant times, DEFENDANT failed to provide meal periods as required by Cal. Lab. Code §§226.7 and 512, and also failed to compensate PLAINTIFF and other Class members with the required premium payments.

71.     Cal. Lab. Code §226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that meal period is not provided.

72.     By virtue of DEFENDANT's unlawful failure to provide meal periods to PLAINTIFF, and

1  other Class members, they have suffered, and will continue to suffer, damages in the amounts

2  which are presently unknown to them, but which will be ascertained according to proof at trial.

3  73.    On information and belief, DEFENDANT knew, or should have known, that PLAINTIFF,

4  and other Class members, was entitled to meal periods but purposely elected not to provide these

5  mandated periods.

6  74.    PLAINTIFF, and other Class members, is entitled to seek and recover reasonable

7  attorneys' fees and costs pursuant to Cal. Lab. Code §§226.7, 512 and 1194.

8  <center>SECOND CAUSE OF ACTION</center>

9  <center><u>FAILURE TO PROVIDE REST PERIODS</u></center>

10 <center><u>[Cal. Lab. Code §226.7]</u></center>

11 75.    . PLAINTIFF incorporates the foregoing paragraphs by reference as if set forth herein.

12 76.    Cal. Lab. Code §226.7 provides that employers shall authorize and permit employees to

13 take rest periods at the rate of ten (10) minutes net rest time per four (4) hours of work, or major

14 fraction thereof.

15 77.    Cal. Lab. Code §226.7 provides that if an employer fails to provide an employee rest

16 periods in accordance with this section, the employer shall pay the employee one (1) hour of pay

17 at the employee's regular rate of compensation for each workday that the rest period is not

18 provided.

19 78.    As a result of its blanket policy of misclassifying PLAINTIFF and the Class members as

20 exempt employees, DEFENDANT has intentionally and improperly denied and failed to provide

21 rest periods to PLAINTIFF, and other Class members, in violation of Cal. Lab. Code §§226.7 and

22 512.

23 79.    At all relevant times, PLAINTIFF, and other Class members, worked more than four hours

24 in a workday, or more than a major fraction of 4 hours, and DEFENDANT failed to provide rest

25 periods as required by Cal. Lab. Code §§226.7 and 512.

26 80.    By virtue of DEFENDANT's unlawful failure to provide rest periods to PLAINTIFF and

27 other Class members have suffered, and will continue to suffer, damages in the amounts which are

28 presently unknown to them, but which will be ascertained according to proof at trial.

81.     On information and belief, DEFENDANT knew, or should have known, that PLAINTIFF, and other Class members, were entitled to rest periods but purposely elected not to provide these mandated periods.

82.     PLAINTIFF, and other Class members, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§226.7, 512 and 1194.

<div align="center">

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME COMPENSATION**

**[Cal. Lab. Code § 510, 1194, and 1198]**

</div>

83.     PLAINTIFF incorporates the foregoing paragraphs by reference as if set forth herein.

84.     Cal. Lab. Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

85.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid overtime compensation, interest thereon, together with the costs of suit, and attorneys fees.  Cal. Lab. Code § 1198 states that the employment of an employee for longer hours than those fixed by Industrial Welfare Commission is unlawful.

86.     As a result of its blanket policy of misclassifying PLAINTIFF and the Class members as exempt employees, DEFENDANT intentionally and improperly failed to pay PLAINTIFF, and other members of the Class proper overtime wages in violation of the California Labor Code and Industrial Welfare Commission requirements.

87.     PLAINTIFF and the other Class members regularly worked more than eight (8) hours a day and/or more than forty (40) hours per week and DEFENDANT willfully failed to pay PLAINTIFF, and other members of the Class, overtime compensation for such overtime hours as a result of its blanket policy of wrongfully misclassifying PLAINTIFF and the Class members as exempt employees.

88.     DEFENDANT knew, or should have known, that PLAINTIFF, and all other Class members, were forced to work more than 8 hours per day and or more than 40 hours per week in order to perform all required acts and complete all required work for DEFENDANT.

<div align="center">

18

COMPLAINT

</div>

89.     DEFENDANT acted and is acting intentionally, oppressively, and maliciously toward PLAINTIFF, and other Class members, with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them injury.

90.     PLAINTIFF, and other Class members, request recovery of overtime compensation according to proof, interest, attorney's fees and cost pursuant to Cal. Lab. Code §§218.5 and 1194(a), as well as the assessment of any statutory damages and penalties against DEFENDANT in a sum as provided by the Cal. Lab. Code and/or other relevant statutes.

91.     Further PLAINTIFF, and other Class members, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§218.5 and 1194.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

### [Cal. Lab. Code § 1182.12, 1194, 1194.2, 1197]

92.     PLAINTIFF incorporates the foregoing paragraphs by reference as if set forth herein.

93.     Pursuant to Labor Code §§ 1182.12, 1194, 1194.2, and 1197 it is unlawful for a California employer to suffer or permit an employee to work without paying wages for all hours worked, as required by the applicable Industrial Welfare Commission ("IWC") Wage Order.

94.     During all times relevant, Industrial Welfare Commission Wage Order No. 4-2001, governing the "Professional, Technical, Clerical, Mechanical, and Similar Occupations" industry, applied to PLAINTIFF and the Class members' employment with Defendant.

95.     Pursuant to Wage Order 4, section 2(K), "'[h]ours Worked' means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

96.     IWC Wage Order No. 4-2001, § 4(A), requires every employer to pay each employee minimum wages not less than $8.00 per hour effective January 1, 2008 to the present time.

97.     During the Class period, PLAINTIFF and the Class members were not paid minimum wages for all hours suffered or permitted to work, including time worked off the clock, in violation of the minimum wage provisions of California Labor Code §§ 1182.12, 1194, 1194.2,

1 | and 1197, and IWC Wage Order No. 5-2001, § 4(A)

2 | 98.    Labor Code § 1194.2, subdivision (a) provides that, in an action to recover wages because

3 | of the payment of a wage less than the minimum wage fixed by IWC Wage Orders, an employee

4 | is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and

5 | interest thereon.

6 | 99.    PLAINTIFF and other Class members should have received minimum wages in a sum that

7 | will be determined according to proof at trial.

8 | 100.    As a result of its blanket policy of misclassifying PLAINTIFF and other Class members as

9 | exempt employees, DEFENDANT intentionally failed, and refused, and continues to fail and

10 | refuse, to pay PLAINTIFF and Class members minimum wages for all time suffered or permitted

11 | to work including time worked off the clock.

12 | 101.    PLAINTIFF on behalf of herself and the Class request the recovery of the unpaid

13 | minimum, waiting time penalties, liquidated damages, interest, attorneys' fees, and costs in an

14 | amount to be determined at trial.

15 | <div align="center">**FIFTH CAUSE OF ACTION**</div>

16 | <div align="center">**FAILURE TO PAY COMPENSATION AT TIME OF TERMINATION**</div>

17 | <div align="center">**[Cal. Lab. Code § 201, 202, 203, 208]**</div>

18 | 102.    PLAINTIFF incorporates the foregoing paragraphs by reference as if set forth herein.

19 | 103.    When PLAINTIFF's, and other Class members', employment with DEFENDANT

20 | terminated, DEFENDANT failed to pay PLAINTIFF, and all other members of the Class, for all

21 | compensation due and owing including, but not limited to, overtime compensation, minimum

22 | wages owed, vacation pay, bonus pay, commission pay, and premium pay for missed meal and

23 | rest periods.

24 | 104.    In addition, DEFENDANT failed to pay PLAINTIFF, and other Class members, the 30

25 | day waiting period penalty for not providing PLAINTIFF, and other Class members, with all

26 | compensation due and owing at time the employment relationship terminated.

27 | 105.    Because DEFENDANT willfully failed to pay wages earned by PLAINTIFF, and other

28 | Class members, at the time of termination, they are entitled to the statutory maximum of thirty

<div align="center">20

COMPLAINT</div>

1  days of continuing wages under Labor Code Section 203.

2  106.    PLAINTIFF, and the other Class members, are entitled to seek and recover reasonable

3  attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5, 226.7 and 1194.

4  <div align="center">SIXTH CAUSE OF ACTION</div>

5  <div align="center">FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS</div>

6  <div align="center">[Cal. Lab. Code §226 et. seq.]</div>

7  107.    PLAINTIFF incorporates the foregoing paragraphs by reference as if set forth herein.

8  108.    DEFENDANT's failure to provide accurate itemized statements to which PLAINTIFF, and

9  other members of the Class, was entitled, was a violation of California Labor Code Section 226.

10  109.    For instance, as a result of its blanket policy of misclassifying PLAINTIFF and the Class

11  members as exempt employees, DEFENDANT failed to, among other things: pay minimum

12  wages, pay overtime, pay vacation pay at termination and pay premium wages for meal and rest

13  periods they failed to provide.

14  110.    In addition, DEFENDANT failed to reimburse PLAINTIFFS and Class members for

15  business related expenses.

16  111.    As a result of this conduct, the wage statements DEFENDANT provided to PLAINTIFF

17  and other Class members were inaccurate.

18  112.    DEFENDANT's, and each of their, failure to provide accurate itemized statements was

19  willful, entitling PLAINTIFF to penalties under Labor Code Section 226.

20  113.    PLAINTIFF, and other members of the Class, are entitled to seek and recover reasonable

21  attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5, 226.7 and 1194.

22  <div align="center">SEVENTH CAUSE OF ACTION:</div>

23  <div align="center">FAILURE TO PAY ALL WAGES TWICE EACH MONTH</div>

24  <div align="center">[Cal. Lab. Code § 204]</div>

25  114.    PLAINTIFF incorporates the foregoing paragraphs by reference as if set forth herein.

26  115.    As a result of its blanket policy of misclassifying PLAINTIFF and other Class members as

27  exempt employees, DEFENDANT failed to pay PLAINTIFF and other Class members, among

28  other things, proper minimum wages, overtime pay, and meal and rest period premiums.  Rather,

<div align="center">21</div>
<div align="center">COMPLAINT</div>

1   DEFENDANT's payments to PLAINTIFF and the Class members reflected in its pay records are

2   incomplete, insufficient and do not compensate them with the full, complete sum of wages to

3   which they were and are entitled.

4   116.   Thus, on numerous occasions during the Class Period, DEFENDANT failed to pay

5   PLAINTIFF, and the other members of the Class, all wages due and owing twice during each

6   calendar month.

7   117.   Even though DEFENDANT knew that DEFENDANT was required to pay all wages twice

8   during each calendar month to PLAINTIFF, and other members of the Class, they failed to do so.

9   118.   By virtue of DEFENDANT's unlawful failure to pay PLAINTIFF, and other members of

10  the Class, all wages twice during each calendar month, PLAINTIFF, and other members of the

11  Class, have and will continue to suffer, damages in the amounts which are presently unknown to

12  them, but which will be ascertained according to proof at trial.

13  119.   On information and belief, DEFENDANT knew, or should have known, that PLAINTIFF,

14  and the other members of the Class, was entitled to receive all pay at least twice each calendar

15  month.

16  120.   On information and belief despite DEFENDANT's knowledge that it was required to pay

17  wages at least twice each calendar month, they purposely elected not to provide this mandated

18  compensation.

19  121.   PLAINTIFF, and other members of the Class, is entitled to seek and recover attorneys'

20  fees and costs pursuant to Cal. Lab. Code §§ 218.5, 226.7 and 1194.

21                          **EIGHTH CAUSE OF ACTION:**

22                  **FAILURE TO INDEMNIFY AND REIMBURSE FOR**

23              **EXPENDITURES OR LOSSES IN DISCHARGE OF DUTIES**

24                          [Cal. Lab. Code §2802 ct. seq.]

25  122.   PLAINTIFF incorporates the foregoing paragraphs by reference as if set forth herein.

26  123.   DEFENDANT required PLAINTIFF to use her own funds for business-related expenses

27  including, but not limited to, travel, cell phone use, internet use and home office expenses,

28

1  incurred for and on behalf of DEFENDANT in discharging her duties as DEFENDANT's

2  employee.

3  124.    DEFENDANT has not reimbursed PLAINTIFF and other Class members for their

4  expenditures and losses incurred in the discharge of their duties.

5  125.    PLAINTIFF is entitled to be paid damages in accordance with California Labor Code

6  Section 2802.

7  126.    PLAINTIFF, and other Class members, are entitled to seek and recovery attorneys' fees

8  and costs pursuant to Cal. Lab. Code §§ 218.5, 1194.

9  ### NINTH CAUSE OF ACTION:

10  ### FAILURE TO PAY VACATION COMPENSATION AT TIME OF TERMINATION

11  ### [Cal. Lab. Code § 227.3]

12  127.    PLAINTIFF incorporates the foregoing paragraphs by reference as if set forth herein..

13  128.    DEFENDANT failed to pay PLAINTIFF and other Class members for all accumulated

14  vacation time at the time PLAINTIFF's employment was terminated with DEFENDANT.

15  129.    Even though DEFENDANT knew that it was required to pay all accumulated vacation

16  time as wages at the time of termination to PLAINTIFF and other Class members, DEFENDANT

17  failed to pay them accumulated vacation time as wages at the time of termination.

18  130.    By virtue of DEFENDANT's unlawful failure to pay PLAINTIFF, and other Class

19  members, all earned vacation time as wages at the time of termination they have suffered, and will

20  continue to suffer, damages in the amounts which are presently unknown to them, but which will

21  be ascertained according to proof at trial.

22  131.    On information and belief, PLAINTIFF alleges that DEFENDANT knew, or should have

23  known, that PLAINTIFF and the other Class members were entitled to receive all earned vacation

24  time as wages at the time of termination.

25  132.    On information and belief, PLAINTIFF alleges that despite that knowledge DEFENDANT

26  purposely elected not to provide this mandated compensation.

27  133.    PLAINTIFF, and other members of the Class, are entitled to seek and recover attorneys'

28  fees and costs pursuant to Cal. Lab. Code §§ 218.5, 226.7 and 1194.

### TENTH CAUSE OF ACTION:

### CONVERSION CAL. CIVIL CODE §§ 3336, 3294

### [Cal. Civil Code §§3336, 3294]

134.   PLAINTIFF incorporates the foregoing paragraphs by reference as if set forth herein.

135.   The Labor Code and other applicable law provide that wages become the property of the employees on the next pay day after they are earned.  In failing to pay and retaining wages owed to PLAINTIFF, and the other members of the Class, on and after the next pay day after they were owed, DEFENDANT wrongfully exercised dominion and control over monies otherwise owned by PLAINTIFF, and the other members of the Class.

136.   As a direct and legal result of DEFENDANT's actions, PLAINTIFF, and other members of the Class, have been damaged in an amount to be proven at trial.

137.   DEFENDANT's conduct, in converting the pay owed to PLAINTIFF, and other members of the Class, pursuant to practices and policies that DEFENDANT knew violated applicable law, was willful, malicious, oppressive and done with conscious disregard of PLAINTIFF's, rights and the rights of other members of the Class, entitling PLAINTIFF, and the other members of the Class, to punitive damages.

### ELEVENTH CAUSE OF ACTION

### UNLAWFUL BUSINESS PRACTICES

### [Cal. Bus. And Prof. Code §§17200 *et seq.*]

138.   PLAINTIFF incorporates the foregoing paragraphs by reference as if set forth herein.

139.   DEFENDANT is defined as a "person" under Business & Professions Code section 17201.

140.   Each of the DEFENDANT's directors, officers, and/or agents are equally responsible for the acts of the other directors, officers, employees and/or agents as set forth in Business Professions Code section 17095.

141.   As alleged above, DEFENDANT engaged in unlawful conduct by violating various provisions of the California Labor Code, the Industrial Welfare Commission's Wage Orders, and the California Civil Code.

142.   Pursuant to Business & Professions Code sections 17071 and 17075, the failure of

1  DEFENDANT to comply with the California Labor Code, and to pay minimum wages, premium

2  payments for meal and rest periods they failed to provide, overtime wages, and related benefits, is

3  evidence of DEFENDANT's intent to violate the Unfair Competition Law.

4  143.    As a result of DEFENDANT's conduct, PLAINTIFF and the Class members lost money

5  and property, and DEFENDANT has obtained valuable property, money, and services from

6  PLAINTIFF, and other Class members.

7  144.    PLAINTIFF, and other members of the Class, are entitled to, and do, seek such relief as

8  may be necessary to restore to them the money and property which DEFENDANT has acquired,

9  or of which PLAINTIFFS, and other members of the Class, have been deprived, by means of the

10  above described unfair and unlawful business acts and practices.

11  <div align="center">**PRAYER FOR RELIEF**</div>

12  WHEREFORE, PLAINTIFF prays for relief and judgment against DEFENDANT as follows:

13  <div align="center">**Class Certification**</div>

14  1.  That this case be certified as a Class Action, with appropriate subclasses, and notice issued

15       to all Class members;

16  2.  That PLAINTIFF be appointed as the representatives of the California Class Action;

17  3.  That PLAINTIFF's counsel be appointed class counsel on behalf of the Class and all

18       subclasses; and

19  **ON THE FIRST CAUSE OF ACTION**

20  1.  One hour of pay for each five (5) hours of work in which a meal period was not provided;

21  2.  For pre-judgment interest;

22  3.  For statutory damages in an amount according to proof.  Such statutory damages will

23       include, but are not necessarily limited to, damages based on compensation that should

24       have been paid to PLAINTIFFS, and other members of the Class; and

25  4.  For reasonable attorney's fees and costs of suit herein, including fees and costs pursuant to

26       California statutes, including but not limited to, the California Labor Code and section 558,

27       1194, and 1198 thereof.

28  ///

**ON THE SECOND CAUSE OF ACTION**

1. One hour of pay for each workday in which a rest period was not provided for each four (4) hours of work, or major fraction thereof;

2. For pre-judgment interest;

3. For statutory damages in an amount according to proof. Such statutory damages will include, but are not necessarily limited to, damages based on compensation that should have been paid to PLAINTIFFS, and other members of the Class; and

4. For reasonable attorney's fees and costs of suit herein, including fees and costs pursuant to California statutes, including but not limited to, the California Labor Code and section 558, 1194 and 1198 thereof.

**ON THE THIRD CAUSE OF ACTION**

1. For a declaration that the business practices alleged herein are a violation of the public policy of the State of California, including but not limited to, California Labor Code sections 510, 558, 1194, and 1198;

2. For compensatory damages, including lost wages, commissions, bonuses and other losses, according to proof;

3. For general damages, according to proof;

4. For an award of interest, including prejudgment interest at the legal rate;

5. For statutory damages in an amount according to proof. Such statutory damages will include, but are not necessarily limited to, damages based on compensation that should have been paid to PLAINTIFF, and other members of the Class; and

6. For reasonable attorney's fees and costs of suit herein, including fees and costs pursuant to California statutes, including but not limited to, the California Labor Code and section 558, 1194, and 1198 thereof.

**ON THE FOURTH CAUSE OF ACTION**

1. For a declaration that the business practices alleged herein are a violation of the public policy of the State of California, including but not limited to, California Labor Code sections 558, 1182.12, 1194, 1194.2, 1197 and, 1198;

2. For general and compensatory damages according to proof, including all actual, consequential, and incidental losses, including, but not limited to, loss of income, together with prejudgment interest;

3. For statutory damages in an amount according to proof. Such statutory damages will include, but are not necessarily limited to, damages based on compensation that should have been paid to PLAINTIFF, and other members of the Class;

4. For pre-judgment interest; and

5. For reasonable attorney's fees and costs of suit herein, including fees and costs pursuant to California statutes, including but not limited to, the California Labor Code and section 558, 1194, and 1198 thereof.

**ON THE FIFTH CAUSE OF ACTION**

6. For a declaration that the business practices alleged herein are a violation of the public policy of the State of California, including but not limited to, California Labor Code sections 201, 202, 203, and 208;

7. For general and compensatory damages according to proof, including all actual, consequential, and incidental losses, including, but not limited to, loss of income, together with prejudgment interest;

8. For statutory damages in an amount according to proof. Such statutory damages will include, but are not necessarily limited to, damages based on compensation that should have been paid to PLAINTIFF, and other members of the Class, such as, the statutory waiting time penalty, and wages as defined by California Labor Code section 200;

9. For pre-judgment interest; and

10. For reasonable attorney's fees and costs of suit herein, including fees and costs pursuant to California statutes, including but not limited to, the California Labor Code and section 558, 1194, and 1198 thereof.

**ON THE SIXTH CAUSE OF ACTION**

1. For a declaration that the business practices alleged herein are a violation of the public policy of the State of California, including but not limited to, California Labor Code

1    section 226 and 1174.5;

2    2.  For general and compensatory damages according to proof, including all actual,

3        consequential, and incidental losses, including, but not limited to, loss of income, together

4        with prejudgment interest;

5    3.  For statutory damages in an amount according to proof. Such statutory damages will

6        include, but are not necessarily limited to, damages based on compensation that should

7        have been paid to PLAINTIFF, and other members of the Class;

8    4.  For pre-judgment interest; and

9    5.  For reasonable attorney's fees and costs of suit herein, including fees and costs pursuant to

10       California statutes, including but not limited to, the California Labor Code and section 558,

11       1194, and 1198 thereof.

12   **ON THE SEVENTH CAUSE OF ACTION**

13   1.  For a declaration that the business practices alleged herein are a violation of the public

14       policy of the State of California, and California Labor Code § 204 .

15   2.  For PLAINTIFF's, and other members of the Class', general and compensatory damages

16       according to proof at trial, including all actual, consequential, and incidental losses,

17       including, but not limited to, loss of income, together with prejudgment interest.

18   3.  For statutory damages in an amount according to proof. Such statutory damages will

19       include, but are not necessarily limited to, damages based on compensation that should

20       have been paid to PLAINTIFF, and other members of the Class;

21   4.  For pre-judgment interest;

22   5.  For reasonable attorney's fees and costs of suit herein, including fees and costs pursuant to

23       Labor Code section 558, 1194, and 1198; and

24   6.  For such other relief as this court may deem just and proper.

25   **ON THE EIGHTH CAUSE OF ACTION**

26   1.  For a declaration that the business practices alleged herein are a violation of the public

27       policy of the State of California, and California Labor Code § 2802;

28

28
COMPLAINT

2. For Plaintiffs' (and other similarly situated employees and former employees') general and compensatory damages according to proof at trial, including all actual, consequential, and incidental losses, including, but not limited to, loss of income, together with prejudgment interest;

3. For statutory penalties in an amount to be proven at the time of trial;

4. For pre-judgment interest;

5. For reasonable attorney's fees and costs of suit herein, including fees and costs pursuant to Labor Code section 218.5, 558, 1194, and 1198; and

6. For such other relief as this court may deem just and proper.

## ON THE NINTH CAUSE OF ACTION

1. For a declaration that the business practices alleged herein are a violation of the public policy of the State of California, and California Labor Code § 227.3.

2. For Plaintiff's (and other similarly situated employees and former employees') general and compensatory damages according to proof at trial, including all actual, consequential, and incidental losses, including, but not limited to, loss of income, together with prejudgment interest.

3. For statutory penalties in an amount to be proven at the time of trial.

4. For pre-judgment interest.

5. For reasonable attorney's fees and costs of suit herein, including fees and costs pursuant to Labor Code section 1194; and

6. For such other relief as this court may deem just and proper.

7. For such other relief as this court may deem just and proper.

## ON THE TENTH CAUSE OF ACTION

1. For general and compensatory damages according to proof, including all actual, consequential, and incidental losses, including, but not limited to, loss of income, together with prejudgment interest;

2. For statutory damages in an amount according to proof. Such statutory damages will include, but are not necessarily limited to, damages based on compensation that should

1 | have been paid to PLAINTIFF, and other members of the Class; and

2 | 3. For Punitive damages.

3 | **ON THE ELEVENTH CAUSE OF ACTION**

4 | 1. For restitution and disgorgement;

5 | 2. For pre-judgment interest; and

6 | 3. For other relief ordering DEFENDANT to notify the CLASS that they have not been paid

7 | the proper amounts required in accordance with California law.

8

9 | Dated: April 11, 2013

THE LAW OFFICES OF RHETT T. FRANCISCO

10 | By: _____

11 | Trevor R. Hindin,
Attorney for Plaintiff
JOYTI GOUNDAR

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

The Law Offices of Rhett T. Francisco; Rhett T. Francisco (SBN 232749), Trevor R. Hindin (SBN 258653); 5350 Topanga Canyon Blvd., Woodland Hills, CA 91364
The law Office of Andrew J. Sokolwoski; Andrew J. Sokolowski (SBN 226685);
21250 Hawthorne Blvd., Suite 500, Torrance, CA 90503
TELEPHONE NO.: 818-319-9879          FAX NO.: 888-390-4816
ATTORNEY FOR *(Name):* Joyti Goundar

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District, Stanley Mosk Courthouse

CASE NAME:
Joyti Goundar v. Redfin Corporation

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

APR 11 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: B C 5 0 5 6 2 3 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* 11
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 11, 2013

Trevor R. Hindin
_____                              _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Goundar v. Redfin Corporation | CASE NUMBER |
|---|---|

B C 5 0 5 6 2 3

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| **This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.** |
|---|

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 15   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column **C** below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070  Asbestos Property Damage | | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort  (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Goundar v. Redfin Corporation | |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | ①2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Goundar v. Redfin Corporation | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>Goundar v. Redfin Corporation | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>Class Action<br>Central District, Stanley Mosk Courthouse<br>111 North Hill Street<br>Los Angeles, CA 90012 |
|---|---|
| CITY:<br>Los Angeles    STATE:<br>CA    ZIP CODE:<br>90012 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>April 11, 2013</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES

B C 5 0 5 6 2 3

Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Lee Smalley Edmon | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Anthony J. Mohr | 309 | 1409 |
| Judge William F. Highberger | 307 | 1402 |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure section 170.6 must be made 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross complaint may be filed by any party after their answer is filed. Cross complaints shall be served within 30 days of the filing date and proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under the Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to Plaintiff/Cross-Complainant/Attorney of Record on _____.

JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



Superior Court of California
County of Los Angeles



Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section



Consumer Attorneys
Association of Los Angeles



Southern California
Defense Counsel



Association of
Business Trial Lawyers

California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                              FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (new)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
           (INSERT DATE)                                                (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____   ➤   _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR PLAINTIFF)
Date:

_____   ➤   _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____   ➤   _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____   ➤   _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____   ➤   _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR _____)
Date:

_____   ➤   _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR _____)

_____   ➤   _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR _____)

LACIV 229 (new)
LASC Approved 04/11        **STIPULATION – EARLY ORGANIZATIONAL MEETING**       

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

   iii.  Be filed within two (2) court days of receipt of the Request; and

   iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

⟩ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

⟩ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

⟩ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

⟩ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

⟩ _____
(ATTORNEY FOR_____)

Date:

_____
(TYPE OR PRINT NAME)

⟩ _____
(ATTORNEY FOR_____)

Date:

_____
(TYPE OR PRINT NAME)

⟩ _____
(ATTORNEY FOR_____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐      Request for Informal Discovery Conference
   ☐      Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a **Request for Informal Discovery Conference**, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an **Answer to Request for Informal Discovery Conference**, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|

**The following parties stipulate:**

Date:

_____        ➤        _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR PLAINTIFF)

Date:

_____        ➤        _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤        _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤        _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤        _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____ )

Date:

_____        ➤        _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____ )

Date:

_____        ➤        _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date:   _____        _____
                                                                                    JUDICIAL OFFICER

# EXHIBIT C

RHETT T. FRANCISCO (SBN 232749)
**THE LAW OFFICES OF RHETT T. FRANCISCO**
5350 TOPANGA CANYON BOULEVARD
WOODLAND HILLS, CALIFORNIA 91364
T: (818) 319-9879

ANDREW J. SOKOLOWSKI (SBN 226685)
**THE LAW OFFICE OF ANDREW J. SOKOLOWSKI**
21250 HAWTHORNE BOULEVARD, SUITE 500
TORRANCE, CALIFORNIA 90503
P: (310) 210-5610
F: (866) 489-0330

PAWEL R. SASIK (SBN 240672)
**THE LAW OFFICES OF PAWEL R. SASIK**
5350 TOPANGA CANYON BOULEVARD
WOODLAND HILLS, CALIFORNIA 91364
T: (310) 571-5206

ATTORNEYS FOR PLAINTIFF
JOYTI GOUNDAR,

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JOYTI GOUNDAR, an individual; on behalf of herself, and on behalf of all others similarly situated; <br><br> PLAINTIFF, <br><br> v. <br><br> REDFIN CORPORATION, a Delaware Corporation; and DOES 1-100, inclusive <br><br> DEFENDANT. | Case No. BC505623 <br><br> **NOTICE OF DESIGNATION OF CASE AS COMPLEX** <br><br> The Hon. Kenneth R. Freeman Dept. 310 |

1

TO ALL PARTIES AND THEIR ATTORNEYS, PLEASE TAKE NOTICE THAT on April 25, 2013, the Honorable Judge Kenneth R. Freeman designated the above-referenced case as complex.

Plaintiff is ordered to serve a copy of this minute order on all parties.

Attached hereto, as Exhibit A is a true and correct copy of the minute order designating the case as complex.

Dated: May 13, 2013

THE LAW OFFICES OF RHETT T. FRANCISCO

By: _____
Rhett T. Francisco,
Attorney for Plaintiff,
Joyti Goundar

NOTICE OF DESIGNATION OF CASE AS COMPLEX

EXHIBIT A

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 04/25/13                                                    DEPT. 310

HONORABLE KENNETH R. FREEMAN    JUDGE   M. CERVANTES          DEPUTY CLERK

HONORABLE                       JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR
12
            T. TENNYSON, C.A.   Deputy Sheriff   NONE               Reporter

BC505623                        Plaintiff
                                Counsel
JOYTI GOUNDAR
                                Defendant
            VS                  Counsel
REDFIN CORPORATION                      NO APPEARANCES

NATURE OF PROCEEDINGS:

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to
be Complex according to Rule 3.400 of the California
Rules of Court. The Clerk's Office has randomly
assigned this case to this department for all
purposes.

By this order, the Court stays the case, except
for service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference. Initial Status Conference is set for
August 23, 2013, at 1:30 p.m. in Department 310.
At least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss
the issues set forth in the Initial Status Conference
Order issued this date. The Initial Status Conference
Order is to help the Court and the parties manage this
complex case by developing an orderly schedule for
briefing, discovery, and court hearings. The parties
are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further
Order of the Court. Parties must file a Notice of
Appearance in lieu of an Answer or other responsive
pleading. The filing of a Notice of Appearance shall
not constitute a waiver of any substantive or
procedural challenge to the Complaint. Nothing in this
order stays the time for filing an Affidavit of

                Page    1 of    3    DEPT. 310

MINUTES ENTERED
04/25/13
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 04/25/13 | DEPT. 310 |
| HONORABLE KENNETH R. FREEMAN      JUDGE | M. CERVANTES      DEPUTY CLERK |
| HONORABLE 12      JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| T. TENNYSON, C.A.   Deputy Sheriff | NONE   Reporter |

|  |  |
|---|---|
| BC505623 | Plaintiff Counsel |
| JOYTI GOUNDAR | Defendant Counsel |
| VS REDFIN CORPORATION | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

Prejudice pursuant to Code of Civil Procedure Section 170.6.

According to Government Code Section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order on all parties forthwith and file a Proof of Service in this department within seven days of service.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order dated April 25, 2013, and Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Page   2 of   3   DEPT. 310

MINUTES ENTERED
04/25/13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 04/25/13                                                                    DEPT. 310

HONORABLE KENNETH R. FREEMAN          JUDGE    M. CERVANTES          DEPUTY CLERK

HONORABLE                         JUDGE PRO TEM                    ELECTRONIC RECORDING MONITOR
12
         T. TENNYSON, C.A.        Deputy Sheriff   NONE                        Reporter

| BC505623 | Plaintiff Counsel | |
| JOYTI GOUNDAR | | |
| VS | Defendant Counsel | |
| REDFIN CORPORATION | | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

Dated:  April 25, 2013

John A. Clarke, Executive Officer/Clerk

By: _____
         M. Cervantes, Deputy Clerk


Rhett T. Francisco
Trevor R. Hindin
THE LAW OFFICES OF RHETT T. FRANCISCO
5350 Topanga Canyon Boulevard
Woodland Hills, California 91364


Page    3 of    3    DEPT. 310

MINUTES ENTERED
04/25/13
COUNTY CLERK

PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action; my business address is: 5350 Topanga Canyon Boulevard, Woodland Hills, California 91364.

On May 13, 2013, I served the foregoing documents described as **NOTICE OF DESIGNATION OF CASE AS COMPLEX** on the interested parties to be noticed in said action, by delivering a true copy, via the method indicated below, to the following recipient(s):

Agent for Service of Process
National Registered Agents, Inc.
818 W. Seventh Street
Suite 200
Los Angeles California 90017

☒ BY MAIL I am "readily familiar" with the firm's practice for collection and processing of correspondence for mailing; under the practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Simi Valley, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

☐ BY FACSIMILE I transmitted the foregoing document via facsimile to the recipient(s) listed above at

☐ BY EXPRESS SERVICE CARRIER I am "readily familiar" with the firm's practice for collection and processing of correspondence for overnight mail/FedEx; under the practice it is deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for to the recipient(s) listed above.

☐ BY PERSONAL SERVICE I hand delivered the foregoing document to the offices of the recipient(s) / the recipient listed above at

at _____ a.m. / p.m.

☒ STATE I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on May 13, 2013 at Woodland Hills, California.

Joshua Maxman

99541                                    SERVICE LIST

SANTA CLARITA CA

13 MAY 2013 PM 5

Rhett T. Francisco, Esq.
LAW OFFICES OF RHETT T. FRANCISCO
5350 Topanga Canyon Boulevard
Woodland Hills, California 91364

Agent for Service of Process
National Registered Agents, Inc.
818 W. Seventh Street
Suite 200
Los Angeles, California 90017

90017342550

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

## CV13- 3698 RGK (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITE ...ATES DISTRICT COURT, CENTRAL DISTRICT O... ...IFORNIA
**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| JOYTI GOUNDAR, an individual; on behalf of herself, and on behalf of all others similarly situated; | REDFIN CORPORATION, a Delaware Corporation; and DOES 1-100, inclusive |

| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Rhett T. Francisco, Bar No. 232749<br>The Law offices of Rhett T. Francisco<br>5350 Topanga Canyon Boulevard<br>Woodland Hills, CA 91364; (818) 319-9879 | **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Ronald D. Arena, Bar No. 218421<br>Arena Hoffman LLP<br>44 Montgomery Street, Suite 3520<br>San Francisco, CA 94104; (415) 433-1414 |

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)

☐ 1. Original Proceeding  ☒ 2. Removed from State Court  ☐ 3. Remanded from Appellate Court  ☐ 4. Reinstated or Reopened  ☐ 5. Transferred from Another District (Specify)  ☐ 6. Multi-District Litigation

### V. REQUESTED IN COMPLAINT: JURY DEMAND: ☐ Yes  ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes  ☐ No      ☐ MONEY DEMANDED IN COMPLAINT: $

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1441, 1446.  Alleged wage and hour violations; diverse parties and amount in controversy exceeds $5 million.

### VII. NATURE OF SUIT (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☒ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: _____ CV13- 3698

**AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☐ NO  ☒ YES

If yes, list case number(s): Srbui Badivian, et al. v. Redfin Corporation; Case No. 13-cv-03664-PSG (MRWx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Washington State |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____  DATE: May 23, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |